# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## JAMES JOHN LEWIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court of Sumner County**
**No. 651-2007      Dee David Gay, Judge**

**No. M2012-01929-CCA-R3-HC - Filed January 15, 2013**

James John Lewis ("the Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus, alleging that the trial court erred in not investigating the medications the Petitioner was taking when he entered his guilty plea and accordingly erred in accepting the Petitioner's guilty plea.  The habeas corpus court summarily denied relief, and this appeal followed. Upon review, we affirm the habeas corpus court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

James John Lewis, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter; and Meredith DeVault, Senior Counsel; for the appellee, State of Tennessee.

# MEMORANDUM OPINION[1]

On March 31, 2008, the Petitioner pleaded guilty to four counts of rape of a child and four counts of incest.[2] The trial court sentenced the Petitioner to an effective sentence of twenty-five years, with twenty years to be served at 100% and five years to be served at 30%. The Petitioner, pro se, then filed a petition to correct an illegal sentence and allow him to withdraw his guilty plea, which was dismissed summarily by the trial court and affirmed on appeal. See State v. James John Lewis, No. M2011-00302-CCA-R3-CD, 2011 WL 5573244, at *3 (Tenn. Crim. App. Nov. 15, 2011) (holding that, despite waiver of the issue based on the Petitioner's failure to include a transcript of the guilty plea hearing, the trial court did not err in summarily dismissing the petition).

On August 14, 2012, the Petitioner filed a petition seeking habeas corpus relief. The habeas corpus court summarily denied the petition. In denying the Petitioner's claim for habeas corpus relief, the habeas corpus court stated that the Petitioner failed to allege anything "which would constitute a basis for relief." The Petitioner timely appealed, essentially raising the issue that the trial court erred in not investigating the medications the Petitioner was taking when he entered his guilty plea and accordingly erred in accepting the Petitioner's guilty plea. The State moved this Court to affirm the habeas corpus court's judgment pursuant to Rule 20, Rules of Court of Criminal Appeals. The State's motion is well taken, and, accordingly, we affirm the habeas corpus court's judgment pursuant to Rule 20.

---

[1] Rule 20 provides as follows:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

(1)(a) The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, . . . and

(2) No error of law requiring a reversal of the judgment or action is apparent on the record.

Tenn. Ct. Crim. App. R. 20.

[2] The Petitioner failed to include a copy of the transcript of the guilty plea hearing or the judgments for each of his convictions resulting from his guilty pleas.

**Analysis**

"Whether to grant relief upon review of the denial of a petition for a writ of habeas corpus is a question of law." Cantrell v. Easterling, 346 S.W.3d 445, 448 (Tenn. 2011) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Thus, this Court's standard of review is de novo, with no presumption of correctness. Id. (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

Under the United States and Tennessee Constitutions, a convicted criminal enjoys the right to pursue habeas corpus relief. U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15. In Tennessee, however, this right has been governed by statute for over a century. See Ussery v. Avery, 432 S.W.2d 656, 657 (Tenn. 1968); Tenn. Code Ann. § 29-21-101 (Supp. 2011).

In Tennessee, the "grounds upon which habeas corpus relief will be granted are very narrow." Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). Moreover, "the purpose of a habeas corpus petition is to contest void and not merely voidable judgments." Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992) (citing State ex rel Newsom v. Henderson, 424 S.W.2d 186, 189 (Tenn. 1968)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)); see also Archer v. State, 851 S.W.2d 157, 161-64 (Tenn. 1993). On the other hand, "[a] voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). A petitioner must prove that his or her judgment is void or sentence has expired by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

The Petitioner's assertion that the trial court erred in allowing the Petitioner to plead guilty while on prescription medications is not reviewable in a habeas corpus proceeding. See, e.g., Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Rather, the proper mechanism for challenging the voluntariness or knowledge of the plea would have been through a post-conviction proceeding. See id. ("The petition in this case, however, like most *post-conviction* challenges to the voluntariness of guilty pleas, alleges only that, upon introduction of further proof and after appropriate findings of fact by the trial judge, the facially valid judgments *may* be voided. . . . Consequently, such allegedly improper pleas should have been challenged through a post-conviction relief petition.") (emphasis in original).

In Archer, our supreme court noted that, when a petition is "a request for relief that may be granted only pursuant to the post-conviction statutes, a court may properly treat that

petition as a petition for post-conviction relief," subject to the statute of limitations for post-conviction proceedings.  Id.  An incarcerated individual must file a petition for post-conviction relief "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final."  Tenn. Code Ann. § 40-30-102(a) (2006).  The Petitioner did not file a direct appeal in this case, so the date of final judgment was March 31, 2008, the date that the Petitioner entered his guilty plea.  The present petition was filed on August 14, 2012, more than four years after the Petitioner entered his guilty plea in this case.  Accordingly, the petition is untimely.  Thus, we may not address the merits of the Petitioner's argument under a post-conviction framework.

## CONCLUSION

For the reasons set forth above, we affirm the judgment of the habeas corpus court pursuant to Rule 20, Rules of Court of Criminal Appeals.


_____
JEFFREY S. BIVINS, JUDGE